UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN SALVAGNE, et al.,          :       NO: 1:09-CV-00324
                                :
          Plaintiffs,           :
                                :       **OPINION AND ORDER**
              v.                :
                                :
FAIRFIELD FORD, INC.,           :
                                :
          Defendant.            :


        This matter is before the Court on Defendant's Motion  to
Stay and Certify Question of Law to Ohio Supreme Court (doc. 91),
Plaintiffs' opposition thereto (doc. 95), and Defendant's reply in
support thereof (doc. 96).  Defendant requested oral arguments in
support of its motion, but the Court finds arguments would not be
helpful to its analysis so denies that request.  For the following
reasons, the Court DENIES Defendant's motion (doc. 91).

        Plaintiffs  filed  a  class  action  against  Defendant
alleging violations of the federal Truth in Lending Act ("TILA"),
the  federal  Equal  Credit  Opportunity  Act  ("ECOA"),  the  Ohio
Consumer Sales Practices Act ("OCSPA") based on practices employed
by Defendant while engaged in the business of selling cars.  On
August 19, 2010, the Court granted Plaintiffs' motion for summary
judgment as to the TILA claims and granted Defendant's motion for
summary judgment as to the ECOA, OCSPA and actual damages claims
(doc. 76).  The Court set a hearing for damages, but Defendant now
moves the Court to stay this matter to allow Defendant to certify

an issue of law to the Ohio Supreme Court.

Specifically, Defendant asserts that the Court refused to apply Ohio law when it stated, "While the Court appreciates Ohio's general contract interpretation rule, here, just as in <u>Patton</u>, '[s]pecial circumstances militate against' its application." Defendant continues to maintain that the Spot Delivery Agreement and the Retail Installment Sales Contract (the "RISC"), the two operative documents at the heart of this matter, must, according to Ohio law, be read together as one document because they were contemporaneously executed. Reading them as one would, according to Defendant, mean that Defendant, not Plaintiffs, should be entitled to summary judgment on the TILA claim.

Defendant would certify the following question to the Ohio Supreme Court: In analyzing the sale of a motor vehicle in Ohio for purposes of alleged Truth in Lending Act violations, does Ohio law providing that "a writing, or writings executed as part of the same transactions, will be read as a whole, and the intent of each will be gathered from a consideration of the whole" apply such that a separately yet contemporaneously executed retail installment sales contract and a spot delivery agreement are read together as one or do "special circumstances militate against its application"?

The Court, in its summary judgment order, found that the RISC was, by its terms, a fully integrated document and that it did not incorporate the Spot Delivery Agreement because, among other

2

reasons, the two documents contradicted each other such that reading them as one was not possible (doc. 76). Defendant characterizes this Court's finding as erroneous in its refusal to apply long-established Ohio law, which characterization the Court finds both inaccurate and simplistic. The Court did not ignore Ohio law, nor did the Court fail to explain its decision that, in this case, a rote application of a generic and general rule of contract interpretation that documents signed together should be read as one was not called for, and Ohio law does not hold otherwise. See, e.g., TRINOVA Corp. v. Pilkington Bros., P.L.C., 638 N.E.2d 572, 576 (Ohio 1994)(distinguishing Edward A. Kemmler Mem. Found. v. 691/733 E. Dublin-Granville Rd. Co., 584 N.E.2d 695 (Ohio 1992) and noting that even when two separate agreements are related, "a subsequent contract does not supersede or modify unambiguous terms in a preceding contract unless the subsequent agreement specifically evidences an intent to do so.").

Rather than ignore or misapply Ohio contract law, the Court recognized the general contract rule but found that its application in the context of the facts presented by this case was inappropriate because, among other reasons, the RISC was a fully integrated, unambiguous contract on its own, which could not be "modified" by the Spot Delivery Agreement without eviscerating the purpose of TILA. While the Spot Delivery Agreement claims to incorporate itself by reference into the RISC, which this Court

3

found ineffectual, such a statement by no means satisfies the standard articulated in TRINOVA that the Spot Delivery Agreement "specifically evidence" an intent to modify or supersede unambiguous terms explicitly set forth in the RISC.  In addition, as the Court noted in its earlier opinion, the two documents simply cannot be read as one because the contradictions between the two cannot be reconciled.

Defendant seems to contend that Ohio's long-standing general contract principle should have been applied by the Court without analysis and without consideration of the federal laws involved here.  The Court clearly rejects any such contention. This is a federal case involving violations of federal law. Defendant's reliance on this general principle as a shield against its liability is misplaced.  Defendant's use of the Spot Delivery Agreement to undercut the disclosures made in the RISC violates the very purposes of TILA, and the Court will not engage in an uncritical application of selective state-law principles to allow Defendant to circumvent those purposes.  Defendant's use of the RISC and the Spot Delivery Agreement simply amounts to a back-door attempt to undo the purposes of TILA.

Defendant supports its motion by contending that the Court's decision has somehow created an "unsettled or novel issue of Ohio law," rendering an opinion by the Ohio Supreme Court necessary.  Defendant misconstrues the split that the Court's

decision created; there is no split in the interpretation of Ohio law, but by virtue of the court's decision in <u>Patton v. Jeff Wyler Eastgate, Inc.</u>,608 F.Supp.2d 907 (S.D. Ohio 2007) and the Court's decision in this matter, there is a split among the federal district courts dealing with TILA violations.  Some courts have permitted dealerships to get away with using Spot Delivery Agreements to undercut the disclosures made in sales contracts, and others have not.  Compare <u>Janikowski v. Lynch Ford, Inc.</u>, 210 F.3d 765 (7th Cir. 2000), <u>Lequillou v. Lynch Ford</u>, 2000 WL 198796 (N.D. Ill. 2000), and <u>Gill v. Byers Chevrolet, LLC</u>, No. C2:05-CV-982, 2006 WL 2460872 (S.D. Ohio 2006) <u>with</u> <u>Patton v. Jeff Wyler Eastgate, Inc.</u>,608 F.Supp.2d 907 (S.D. Ohio 2007) and <u>Salvagne et al. v. Fairfield Ford, Inc.</u>, 09-CV-00324 (S.D. Ohio 2010).  But that is a split involving the interpretation of federal law, and, as such, it is a matter best left to the federal appellate courts to resolve and not the Ohio Supreme Court.  Consumers throughout the country should be able to rely on a uniform interpretation of TILA, such that they can trust that the purposes of the statute are being met whether they are purchasing a car in Ohio or elsewhere.

To that end, and to avoid any further delays in the resolution of this class action, the Court certifies pursuant to 28 U.S.C. §1292(b) that an immediate appeal of this Court's August 19, 2010 decision to the Sixth Circuit Court of Appeals would be appropriate notwithstanding the fact that the decision is not a

final judgment.  Such an appeal, should it be taken, would involve a controlling question of law (whether Defendant's use of the Spot Delivery Agreement in conjunction with the RISC is consistent with the purposes and dictates of TILA) about which there is substantial ground for difference of opinion, as evidenced by the differing decisions in this case and others.  An immediate appeal from the order may materially advance the ultimate termination of the litigation, because a decision favorable to Defendant would dispose of the case altogether while a decision favorable to Plaintiffs would allow the case to proceed to damages and final resolution. Should such an appeal be taken, the Court shall stay this matter pending the outcome of the appeal.

        For the foregoing reasons, the Court DENIES Defendant's Motion  to Stay and Certify Question of Law to Ohio Supreme Court (doc. 91), but certifies that an immediate appeal to the Sixth Circuit would be appropriate.


   SO ORDERED.

Dated: December 7, 2010        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge