UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN SALVAGNE, et al., | : | NO: 1:09-CV-00324 |
| | : | |
| Plaintiffs, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| FAIRFIELD FORD, INC., | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiffs' Motion for Reimbursement for Expenses in Connection with Distribution of Class Judgment (doc. 122); Defendant's Motion to Stay Collection of this Court's Judgment Entry (doc. 128) and Plaintiffs' Motion for Sanctions (doc. 136), as well as the respective responsive memoranda.  Defendant has requested oral argument, but the Court finds that argument will not assist it in its decision-making here and thus denies that request.  For the reasons that follow, the Court GRANTS in part Plaintiffs' Motion for Reimbursement (doc. 122) and DENIES both Defendant's Motion to Stay (doc. 128) and Plaintiffs' Motion for Sanctions (doc. 136).

On September 21, 2011, the Court issued its Opinion and Order in this class action, granting Plaintiffs' motion for attorney fees and awarding costs and expenses and statutory damages (doc. 119).  Plaintiffs had requested a payment of attorneys' fees in the amount of $101,865 and a payment of costs and expenses of $11,466.36 (Id.).  The Court awarded costs and expenses in full but

awarded $75,000 in attorneys' fees (Id.). Together with the statutory damages award to Plaintiffs of $33,292.15, the total amount due and owing Plaintiffs was $119,758.51 (Id.).

On October 7, 2011, Plaintiffs secured a garnishment order from the Butler County Court of Common Pleas in order to execute the Court's September 21, 2011 judgment (doc. 123). Defendant chose not to appeal the Court's September 21, 2011 opinion and funded the garnished account (Id.). Plaintiffs claim that they received the disbursement less $1,307.54 in costs, fees and expenses associated with the garnishment, including poundage charged by the Butler County Clerk, and they refuse to enter a satisfaction of judgment until they receive the complete award (docs. 128, 129). Defendant opposes the payment of that amount, arguing that Plaintiffs should bear the costs associated with the garnishment proceedings since they chose to institute them (doc. 123).

In addition, because they assume that the costs of distributing the class award were not included in the Court's order, Plaintiffs seek reimbursement in the amount of $2,153.84, which includes the costs of printing checks, buying stamps, preprinted envelopes and letters and ink cartridges, as well as "labor" costs (doc. 122). Plaintiffs also seek payment for 5.25 hours of counsels' time spent in researching and writing the instant motion for reimbursement (Id.) Defendant opposes this

2

request, arguing that the Court's September 21, 2011 opinion was final and appealable, that any costs associated with the garnishment action that Plaintiffs initiated or with the disbursement of the award should come from the amount awarded in that opinion and that Plaintiffs should have appealed that opinion if they were unhappy with it (doc. 123).

With respect to the $1,307.54 not disbursed to Plaintiffs because of the garnishment action, the Court finds that Plaintiffs are entitled to that amount. The Court's September 21, 2011 opinion awarded a total of $119,758.51, and they should receive that full amount. Plaintiffs were well within their rights to file a garnishment, and they should not be punished for exercising those rights.

With respect to the $2,153.84 associated with the disbursement of the class award, the Court finds that Plaintiffs are similarly entitled to that amount. It is true, as Plaintiffs assert, that the amount associated with disbursing the class award could not have been included in the Court's September 21, 2011 order because it was not known and was indeed unknowable at the time that order was issued. Plaintiffs correctly note that they alerted the Court and Defendant to the likelihood that future costs and fees would be incurred in the disbursement of the award (doc. 109). Pursuant to the Court's power to enforce its judgments and orders, see Horne v. Flores, 557 U.S. 433 (2009), the Court hereby

3

ORDERS Defendant to reimburse Plaintiffs for costs associated with the disbursement of the class award in the amount of $2,153.84.

With respect to Plaintiffs' motion for sanctions, the Court finds the motion unpersuasive. Plaintiffs are simply wrong in their assertion that Defendant's motion for a stay was unwarranted or frivolous. On the contrary, a colorable argument can be made that the Court's September 21, 2011 opinion, as a final, appealable opinion, represents the final and only sum available to Plaintiffs in this action. The Court obviously disagrees with that argument, but it is in no way a frivolous one. Therefore, Plaintiffs' motion for sanctions is unwarranted and is DENIED.

For similar reasons, the Court will not order Defendant to pay for Plaintiffs' counsels' time in filing the instant motion for reimbursement. Plaintiffs argue they are entitled to that payment because the letters they sent to Defendant regarding the money spent in disbursing the class award were ignored (doc. 122). Defendant's position–that it was not responsible for the payment of additional expenses related to the award–was not unreasonable on its face and should not have been unanticipated by Plaintiffs. Plaintiffs could have structured their request for the initial award to more clearly and explicitly encompass future expenses for disbursement. They did not. Defendant should not have to bear the attorneys' fees resulting from that choice. The Court finds that

4

class counsel have been adequately and reasonably compensated for their time spent in litigating this matter to its conclusion and declines to award additional fees.

In sum, the Court denies Plaintiffs' motion for sanctions and orders Defendant to pay Plaintiffs $1,307.54 for costs associated with the garnishment and $2,153.84 for costs associated with the disbursement of the class award.  This is a total of $3,461.38.  To be clear, the Court will entertain no further motions for additional monies associated with this litigation. Upon receipt of these monies, Plaintiffs are ORDERED to enter a satisfaction of judgment with all deliberate speed.

SO ORDERED.

Dated: March 15, 2012          /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge